# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GREGORY DIGHTMAN,<br><br>                    Defendant. | **4:20CR3069**<br><br>**RESTRICTED ORDER** |

      Defendant has moved to continue Defendant's change of plea hearing. (Filing No. 23). As explained by counsel, the parties need additional time to engage in plea discussions The motion to continue is unopposed. Based on the representations of counsel, the court finds the motion should be granted. Accordingly,

      IT IS ORDERED:

1) Defendant's Change of Plea Hearing will be held at 2:45 p.m. on June 2, 2021 before the undersigned magistrate judge.

2) Defendant, defense counsel, and counsel for the government shall attend.

3) The defendant will appear by videoconference using Zoom. At the time of the hearing, the defendant must be connected to the videoconference using the connection information below.

    https://ned-uscourts.zoomgov.com/j/1608347318?pwd=MDVJZmtXOWRiODdRNWcxN3F2RXZ4UT09

    Meeting ID: 160 834 7318
    Password: 356905
    IP/H.323: 161.199.138.10
    SIP:1608347318@sip.zoomgov.com

4) Counsel for the parties, supervising officers, and any proposed third-party custodians may attend the hearing by either:
    a. Videoconference using the connection information in Paragraph 3, or

b. Telephone by calling **669-254-5252**, and when prompted, dial the meeting ID and password.

5) Any party who intends to call a witness (other than a supervising officer or a proposed third-party custodian) must promptly contact the chambers of the undersigned magistrate judge to set a telephone conference regarding the issues to be addressed by the witness' testimony and the method of appearance to be used by that witness.

6) Absent leave of the court, this shall be filed as a restricted access order. **Attorneys, jail facilities, and any others who receive this order are prohibited from redistributing it to others.**

7) For the reasons stated by counsel, the Court finds that the ends of justice served by continuing Defendant's plea hearing outweigh the best interest of Defendant and the public in a speedy trial. Accordingly, the time between today's date and the district court judge's acceptance or rejection of the anticipated plea of guilty shall be excluded for speedy trial calculation purposes. 18 U.S.C. § 3161(h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

May 3, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge