IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3069 |
| vs. | TENTATIVE FINDINGS |
| GREGORY DIGHTMAN, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant (filing 64) and the government (filing 66) have objected to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing. The defendant (filing 64) and the government (filing 66) have objected to the presentence report.

A. SEXUAL CONTACT

The primary issues raised by the parties concern the application of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.1(b)(2)(A) for "the commission of a sexual act or sexual contact." The defendant pleaded guilty to four counts of producing child pornography in violation of 18 U.S.C. § 2251(a), based on offense conduct that can be generally described as taking explicit photographs of underaged teenage girls. *See* filing 1; filing 56. (Each count relates to a different victim.) The presentence report applied the enhancement in calculating the guidelines range for Counts 1, 2, and 4 based on the victims' testimony that the defendant had fondled them (for Counts 1 and 3) and the victim's digital self-penetration in a video (for Count 4). The defendant objects to the enhancement on each count, denying the

underlying conduct. *See* filing 64 at 1-3. The government objects to the failure to also apply the enhancement on Count 2. Filing 66.

*1. Counts 2 and 4*

The government's initial argument is that there are images of the victims of Count 2 and Count 4 that meet the definition of "sexual contact." The government has a point. "Sexual contact," for purposes of § 2G2.1(b)(2)(A), "means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.*, cmt. n.2 (incorporating 18 U.S.C. § 2246(3)). That term need not involve penetration. *United States v. Pappas,* 715 F.3d 225, 229 (8th Cir. 2013). And the Eighth Circuit has squarely held, in accordance with other circuits, that "the plain meaning of 'sexual contact' under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating." *United States v. Raiburn,* 20 F.4th 416, 422 (8th Cir. 2021).

Accordingly, the Court of Appeals held in *Raiburn* that § 2G2.1(b)(2)(A) was properly applied where the minor victim of the offense had touched her own genitalia at the request of the defendant. 20 F.4th at 424. The same is true here for Count 2 and Count 4: there are images of each of those victims, found in the government's Exhibit 6, in which the victims are posed touching their own genitals in a manner highly suggestive of masturbation. On that evidence alone, the Court's tentative finding is that the defendant's objection to the § 2G2.1(b)(2)(A) enhancement should be overruled as to Count 4, and the government's objection as to Count 2 should be sustained.

*2. Counts 1 and 3*

Application of the § 2G2.1(b)(2)(A) enhancement to Counts 1 and 3 (and an additional basis for applying the enhancement on Count 4) depends on the accounts of the victims, who each told investigators that the defendant had, during photo shoots, touched them on the genitals, breasts, inner thigh, or buttocks. *See* filing 68-1 at 31-32, 40-42; filing 68-3 at 12; filing 68-4 at 3, 9-11. In addition, the victim in Count 4 described the defendant placing her hand on his genitals and then masturbating himself when she was uncooperative, filing 68-4 at 9-10, which would also meet the definition of "sexual contact," *see Raiburn, 20 F.4th at 424*.

The defendant denies that conduct. *See* filing 64 at 1-3.[1] And the government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger,* 770 F.3d 714, 717-18 (8th Cir. 2014). But, as the government notes, neither the Federal Rules of Evidence nor the Confrontation Clause apply to sentencing proceedings. *United States v. Ngombwa,* 893 F.3d 546, 557 (8th Cir. 2018). So, hearsay evidence can be used at sentencing if there are sufficient indicia of reliability to support its probable accuracy. *Id.* This may include uncorroborated hearsay if the defendant has the

---

[1] The Court notes that in determining whether an adjustment for acceptance of responsibility is appropriate pursuant to U.S.S.G. § 3E1.1, relevant considerations may include "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable." *Id.*, cmt. n.1(A).

opportunity to respond to and rebut the testimony. *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017).

In reviewing the reliability of such evidence, the Court considers factors such as the consistency of the hearsay testimony, the timing and nature of the declarant's statements, and the witness's impressions of the declarant's demeanor, as well as other corroborating evidence. *Id*. at 583-84. Here, the government has provided complete transcripts of law enforcement interviews with each of the victims, and the Court finds those statements are consistent with one another in describing the defendant's conduct, as well as consistent with the other evidence adduced. *See Ngombwa*, 893 F.3d at 557. If unrebutted, the government's evidence would be sufficient to carry the government's burden of proving the basis for § 2G2.1(b)(2)(A) as to each count. But of course, the defendant has the opportunity to respond to and rebut that evidence. *See Sheridan*, 859 F.3d at 583.[2] So, the Court will make a final determination on this issue on the evidence adduced at sentencing.[3]

---

[2] The Court notes that the parties have entered into a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement that caps the sentence in the middle of the guidelines range (as currently calculated), and also results in the dismissal of state court charges against the defendant. *See* filing 56 at 1, 5. It is, in other words, a favorable plea agreement for the defendant. The Court may, however, reject the agreement if it is unfair. *United States v. Kling*, 516 F.3d 702, 704 (8th Cir. 2008); *see United States v. LeMay*, 952 F.2d 995, 997 (8th Cir. 1991). And one of the factors weighing in favor of accepting the plea agreement, for the Court, is that such arrangements relieve the victims of the burden of testifying. If the victims are compelled to testify anyway, then the Court might consider that fact when determining whether acceptance of the plea agreement is appropriate.

[3] The Court notes that given the multiple counts, much of the defendant's objection—and the government's objection as well—may end up being moot. Pursuant to U.S.S.G. § 3D1.4, the

## B. DISTRIBUTION

The defendant also objects to the assessment of a two-level enhancement to the offense conduct for Count 4, pursuant to § 2G2.1(b)(3), because the defendant "knowingly engaged in distribution." Filing 64 at 3.

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

*Id.*, cmt. n.1.

This enhancement for Count 4 is based on the victim's statement to investigators that the defendant said he had posted her pictures "on some website." Filing 68-4 at 12. But, she said, "[h]e didn't show me the website" and "it didn't look like a website"—rather, "it was just like a blank page with a bunch of photos on there" and she "didn't look at the URL, like on the computer either." Filing 68-4 at 12. The defendant denies putting the victim's photos on any website, and contends that her description is too vague to sustain the enhancement. *See* filing 64 at 3-4.

---

offense level is determined by adding "units" to the highest adjusted offense level for any count—given the facts here, that's going to mean adding 4 "units" for each of the four counts, regardless of the adjusted offense level for most of them. In other words, the only count that's likely to make a difference to the guidelines range is whichever count ends up with the highest adjusted offense level.

It's important to remember, however, the context in which the photos were taken—the defendant had, by his own admission, previously been in the business of operating websites that hosted lingerie or nude photographs for paid subscribers. *See* filing 68-5 at 3-6. And, the defendant said, he had been thinking about starting his own website again and had been stockpiling photographs for that purpose. Filing 68-5 at 4, 7. So it's not implausible that he posted some of his stockpile. But admittedly, there's no evidence beyond the victim's non-specific testimony that any of her photographs were actually placed on the Internet for public viewing.

Both sides, however, will have an opportunity to supplement the record on this issue at the sentencing hearing. The Court will, therefore, make a final determination on the evidence adduced at sentencing.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge